Pam Atkinson and Thomas J. 
 Atkinson, Respondents,
against
John O'Toole, Doing Business as Black Ice Paving, Appellant.




The Law Office of Christopher J. Cassar, P.C., Christopher J. Cassar, Esq., for appellant.
Darrin Berger, Esq., for respondents.

Appeal from a judgment of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), entered June 16, 2014. The judgment, after a nonjury trial, awarded plaintiffs the principal sum of $6,715.




ORDERED that the judgment is affirmed, without costs.
Plaintiffs commenced this action to recover for allegedly defective paving work that defendant John O'Toole, doing business as Black Ice Paving, had performed on plaintiffs' driveway. During a nonjury trial, defense counsel made an oral application to preclude plaintiffs' expert from testifying about the condition of the driveway on the ground that plaintiffs had prevented defendant's expert from examining the driveway. The court reserved decision, and the trial proceeded with the testimony of plaintiffs' expert. At the close of the trial, the District Court, in finding in favor of plaintiffs based on a breach of warranty, implicitly denied defendant's application to preclude the testimony of plaintiffs' expert. A judgment in favor of plaintiffs in the principal sum of $6,715 was entered on June 16, 2014.
Contrary to defendant's sole argument on appeal, we find that the District Court did not err in denying defendant's application to preclude the testimony of plaintiffs' expert, as defendant [*2]failed to establish that the drastic remedy of preclusion was appropriate. The record establishes that plaintiffs had acquiesced to an inspection of their driveway on February 18, 2014 and that, due to a snowfall on that date, defendant's expert was unable to inspect the driveway. The record is devoid of proof that any subsequent specific request had been made by defendant to inspect the driveway, which request plaintiffs had refused.
Accordingly, the judgment is affirmed.
Iannacci, J.P., Tolbert and Brands, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 31, 2017